FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 18 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

JOEL L. AMAKER SR.,

            Plaintiff,

  -against-

THE STATE OF NEW YORK COUNTY OF
NEW YORK FAMILY COURT ET AL;
JODI E. HIRSCHMAN, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY AS HEARING
EXAMINER IN NEW YORK COUNTY
FAMILY COURT,

            Defendants.

----------------------------------------X

**MEMORANDUM AND ORDER**

11-CV-4815 (KAM)

**MATSUMOTO, United States District Judge:**

       Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 ("Section 1983") against the New York County Family Court and one its hearing examiners, Jodi Hirschman, alleging fraud in his state court proceeding regarding divorce and support. Plaintiff seeks sixty million dollars in damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff's complaint is dismissed for the reasons stated below.

    **I. Standard of Review**

       In reviewing plaintiff's complaint, the court is mindful that the submissions of a *pro se* litigant must be

1

construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

**II. Discussion**

Plaintiff alleges violations of his constitutional rights in the context of support proceedings in New York Family Court initiated by a 2002 petition alleging that he was failing to pay support as ordered. In order to state a claim for relief under Section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges or immunities secured by the Constitution and federal law, (2) by a person acting under the color of state law. 42 U.S.C. § 1983.

2

**A.  Claim Against New York State Hearing Examiner**

A judge is absolutely immune from lawsuits where it is alleged that the judge performed her or his judicial functions improperly or inadequately. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity, like other forms of official immunity, is immunity from suit, not just from the ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotation and citation omitted). The Second Circuit follows the rule set forth in *Stump*:

> The cloak of immunity is not pierced by allegations of bad faith or malice, even though unfairness and injustice to a litigant may result on occasion. The principle of judicial immunity recognizes that a judge may err. But it is better for a judge when exercising the discretion inherent in his judicial power to risk some error and possible injury from such error than not to decide or act at all . . . . The Supreme Court has specifically applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983.

*Tucker v. Outwater*, 118 F.3d 930, 932-33 (2d Cir. 1997) (internal quotations and citations omitted).

3

Here, it is clear from the allegations of the complaint that plaintiff is suing defendant Hirschman solely for actions she took within the scope of her jurisdiction and responsibilities as a Family Court Hearing Examiner. *See* Uniform Rules for N.Y.S. Trial Courts, Section 205.32 (Family Court Hearing Examiners are considered judges for the purpose of this inquiry and are similarly entitled to absolute immunity); *see also Butz v. Economou*, 438 U.S. 478, 513 (1978) (hearing examiners are held to be the functional equivalent of judges for purposes of absolute immunity); *Cage v. Balkin*, No. 10-CV-1324, 2010 WL 1196510, at *2 (E.D.N.Y. Mar. 25, 2010) (plaintiff's claims against Nassau County Family Court hearing examiner foreclosed by absolutely immunity); *Di Costanzo v. Henriksen*, No. 94 Civ. 2464, 1995 WL 447766, at *2  (S.D.N.Y. July 28, 1995) (Dutchess County Family Court Hearing Examiner absolutely immune from liability for his "adjudicatory acts."); *Fariello v. Rodriguez,* 148 F.R.D. 670, 678-79 (E.D.N.Y. 1993) (two Suffolk County Family Court Hearing Examiners who had presided over certain child support and custody proceedings that had been assigned to them were immune from liability arising out of any decisions they had made therein).  Thus, defendant Hirschman is absolutely immune from personal liability for each of the acts

4

alleged in the complaint and the complaint against her is dismissed.

### B. Claims Against State of New York

Insofar as plaintiff seeks damages from defendant Hirschman "in her official capacity as hearing examiner in New York County Family Court" and against the "State of New York County of New York Family Court" ("New York County Family Court"), he is barred from obtaining recovery in this court by the Eleventh Amendment to the United States Constitution. "Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted).

In *Gollomp,* the Second Circuit conducted an exhaustive review of the cases that have considered "the question of whether the New York State Unified Court System is an arm of the State" and found that "every court" to have considered the question "has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity." *Id.* Thus, the Second Circuit held that "the New York State Unified Court System is

5

unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." *Id.* at 368 (internal quotation marks and citation omitted). The New York State Unified Court System, of which the family court is a part, is entitled to Eleventh Amendment sovereign immunity. *Id.* (including "family court" among the list of courts in New York that are part of the New York State Unified Court System). Therefore, the claims against the New York Family Court of New York County and an officer of that court are dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed because it seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). The court has considered giving plaintiff leave to amend his complaint but declines to do so in light of its futility. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* complaint for failure to state a claim without leave to replead because "better pleading will not cure [the basis for dismissal]").

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Any

6

appeal must be filed within 30 days after judgment is entered in this case.  Fed. R. App. P. 4(a)(1)(A).

The Clerk is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service on the docket, enter judgment in favor of defendants, dismiss this action and close this case.

**SO ORDERED.**

/S/

Kiyo A. Matsumoto
United States District Judge

Dated:     Brooklyn, New York
           October 18, 2011